## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **KIM JENSEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 18-cv-3087** |
| ) | |
| **CHADDOCK,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant Chaddock's Motion to Dismiss the Complaint (d/e 20) pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the Complaint fails to state a claim upon which relief may be granted. For the reasons stated herein, the Motion to Dismiss (d/e 20) is DENIED.

## I. BACKGROUND

The facts as stated in the Complaint must be accepted as true by the Court when ruling on a motion to dismiss. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The following information is taken from the allegations in the Complaint.

Plaintiff Kim Jensen brings this suit on behalf of her minor daughter, KJ, who was fifteen at the time of the events giving rise to the claim. From September 2016 to September 2017, KJ resided at Chaddock, a residential treatment facility for children and young adults who have suffered trauma. Chaddock provides clinical, educational, and therapeutic programing to its residents.

Plaintiff enrolled KJ at Chaddock to address KJ's multiple psychological and developmental issues. KJ reads at a second-grade level and her general language function is at a third-to-fourth-grade level. She suffers from several psychological disorders, including post-traumatic stress disorder, major depressive disorder with recurrent and severe psychotic symptoms, reactive attachment disorder, and intermittent explosive disorder. While living at Chaddock, KJ was also diagnosed with several developmental disorders, such as major neurocognitive disorder, autism spectrum disorder, and severe language disorder.

The events giving rise to this action occurred on August 27, 2017. That night, at about 11:00 pm, KJ and two other girls, ages 14 and 15, who were also residents of Chaddock, walked out of KJ's cottage to a home outside of the Chaddock property. While at the

home for several hours, KJ was struck in the head and knee with a pipe, pornography was played for the girls on the television, the girls were given alcohol and drugs, adult males at the home had sex with the other two girls in front of KJ, and KJ was also sexually assaulted. The other two girls left KJ at the home that night, and the adult males brought KJ back to Chaddock the following morning.

## II. JURISDICTION

This Court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff is a citizen of Iowa. Defendant is a not-for-profit corporation incorporated in Illinois with its principal place of business in Illinois. The factual content of the Complaint supports a finding that the value of Plaintiff's prayer for compensatory and punitive damages exceeds $75,000. Therefore, the Complaint invokes the Court's diversity jurisdiction.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plausibility means that the alleged factual content is sufficient to allow a court to reasonably infer that the defendant is liable for the alleged misconduct.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).  A complaint must suggest a right to relief, "raising that possibility above a speculative level." <u>Kubiak v. City of Chicago</u>, 810 F.3d 476, 480 (7th Cir. 2016).

When considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor.  <u>Roberts v. City of Chicago</u>, 817 F.3d 561, 564 (7th Cir. 2016).

## IV. ANALYSIS

In a case where federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, "[s]tate substantive law applies, but federal procedural rules govern." <u>Doermer v. Callen</u>, 847 F.3d 522, 529 (7th Cir. 2017).  "To state a claim for negligence under

Illinois law, a Plaintiff must plead that the defendant owed the plaintiff a duty, the defendant breached that duty, and the breach proximately caused the plaintiff's injury." <u>Allstate Indem. Co. v. ADT LLC</u>, 110 F. Supp. 3d 856, 862–63 (N.D. Ill. 2015) (citing <u>Simpkins v. CSX Transp., Inc.</u>, 965 N.E.2d 1092, 1097 (Ill. 2012)). In Illinois, "every person owes to all other persons a duty to exercise ordinary care to guard against injury which naturally flows as a reasonably probable and foreseeable consequence of his act." <u>Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.</u>, 973 N.E.2d 880, 890 (Ill. 2012). Whether this duty arises in a particular context depends on "the reasonable foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on defendants." <u>Id.</u> Whether a duty exists is a question of law to be decided by the Court. <u>Simpkins</u>, 965 N.E.2d at 1096.

**A.    Counts I Through VI Sufficiently State Claims for Negligence.**

In support of her negligence claims, Plaintiff asserts that Defendant agreed to take custody of and responsibility for KJ for the purpose of providing residential treatment. Plaintiff alleges that

a custodial relationship existed between Defendant and KJ that gave rise to Defendant's duty to adequately supervise, protect, and provide a safe environment for KJ. Plaintiff also asserts that Defendant's duty to KJ and Defendant's custodial relationship with the other residents created Defendant's duty to control other residents to prevent them from harming KJ or exposing KJ to an unreasonable risk of harm. Id. ¶¶ 30, 35, 40. These allegations concerning the relationship between Defendant and its residents allow the Court to infer that Defendant owed a duty of care to KJ. See Ryan v. Yarbrough, 823 N.E.2d 259, 262 (Ill. App. Ct. 2005) (a child's caretaker has a duty to protect the child from harm).

The Complaint states that Defendant breached these duties in several ways: (1) failing to adequately monitor residents at night; (2) failing to take reasonable precautions to secure the cottage exits and to otherwise prevent residents from walking off campus at night; (3) failing to supervise residents who were known to leave the campus and take vulnerable residents like KJ with them; and (4) failing to provide a reasonably safe environment free from threat of being taken off campus by other residents. Id. ¶¶ 14, 21, 26, 31, 36, 41. Plaintiff asserts that these failures caused KJ's sexual

assault and her other physical and emotional injuries.  Id. ¶¶ 15, 22, 27, 32, 37, 42.

The Complaint also pleads facts to support an inference of foreseeability.  Plaintiff asserts that Defendant knew that the two other girls had previously walked off campus at night and had been sexually assaulted at the same home where KJ was assaulted. Plaintiff further states that Defendant knew that the Quincy Police Department had responded to more than 100 calls in the year preceding September 2017 related to Chaddock's minor residents walking off campus.  Based on these allegations, Plaintiff has sufficiently pleaded negligence by Defendant.

Defendant makes several arguments against the existence of such a duty in its Motion to Dismiss.  First, Defendant seeks dismissal of the claims against it on the ground that Defendant had no duty to protect KJ from the criminal acts of third parties that occurred off campus.  Generally, there is no duty in Illinois to protect another from the criminal acts of third parties.  Doe v. Goff, 716 N.E.2d 323, 326 (Ill. App. Ct. 1999).  An exception exists where the defendant has a special relationship with the plaintiff and the criminal act was foreseeable.  Id.  Defendant argues that its

relationship with KJ as a residential treatment facility did not extend to a voluntary assumption of a duty to supervise or protect KJ while she was away from the facility. At such times, KJ was outside of Defendant's control and custody, and thus Defendant's special relationship was suspended during that time.

Defendant's position does not directly address the duties and breaches alleged in the Complaint. The counts of the Complaint rest on Defendant's duty to KJ when she was on campus, prior to leaving. The Complaint asserts that Defendant breached its duties to KJ to monitor her, to prevent her from leaving, and to prevent other residents from taking her off campus. Such duties governed Defendant's conduct when KJ was on campus and was within Defendant's custody and control.

Second, Defendant argues that it had no duty to keep KJ on campus due to contractual limits. In support of this argument, Defendant attached to its Motion to Dismiss an affidavit of Mathias Obert, Chaddock's Vice President of Operations, to which are

attached a Voluntary Placement Agreement and a Behavior

Management Notification.  Mot. to Dismiss, Ex. A, 1, 2.[1]

Ordinarily, the court may not consider materials outside of the

pleadings when deciding a motion to dismiss under Rule 12(b)(6)

without converting the motion to dismiss into a motion for

summary judgment under Rule 56.  Venture Assocs. Corp. v. Zenith

Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Fed. R. Civ. P.

12(d).  The court may, however, consider documents attached to a

motion to dismiss to be part of the pleadings "if they are referred to

in the plaintiff's complaint and are central to his claim."  Wright v.

Assoc. Ins. Cos., 29 F.3d 1244, 1248 (7th Cir. 1994).  The

documents attached by Defendant here are not specifically referred

to in Plaintiff's complaint, but while "[a] plaintiff is under no

obligation to attach to her complaint documents upon which her

action is based, . . . a defendant may introduce certain pertinent

---

[1] The court notes that the exhibit (d/e 21-1) was previously stricken from the record by text order dated June 4, 2018, for noncompliance with Federal Rule of Civil Procedure 5.2 and Local Rule 5.11.  However, the attachments remain publicly accessible.  The clerk is therefore directed to seal the affidavit and the exhibits attached thereto (d/e 21-1).  In her response, Plaintiff asks the court to sanction Defendant for noncompliance with the Rules.  The court denies the request for sanctions, but cautions the parties to comply with these requirements of the Rules in all future filings.

documents if the plaintiff failed to do so." <u>Venture Assocs.</u>, 987

F.2d at 431 (citation omitted). The Voluntary Placement Agreement

and the Behavior Modification Notification attached to the Motion to

Dismiss form the basis of the parties' relationship and help to

explain precisely how and why KJ was in the care of Defendant.

The court will therefore consider the attachments to the Motion to

Dismiss without converting the Motion to Dismiss into one for

summary judgment. That said, even taking these documents into

consideration, the conclusion reached is the same. For that reason,

the court denies Plaintiff's request, made in her response, to file a

responsive affidavit.

Defendant cites to the Notification of Limitations contained in

the Behavior Management Notification, which Plaintiff

acknowledged. The Notification states that Chaddock is not a

locked facility and that if a child should attempt to run away,

Chaddock would make every effort to stop the child, but there are

limitations to its ability to do so. Mot. to Dismiss Ex. 2 (d/e 21-1).

The Notification is a contractual limitation on Defendant's duty of

care, but the Notification is not a complete waiver of duty to

monitor and to attempt to prevent residents from leaving the

campus.  The Notification merely clarifies the scope of Defendant's duty to make efforts to stop and return runaways.

Third, Defendant argues that it had no duty because the sexual assault was not reasonably foreseeable.  Defendant argues that none of its staff had notice of where KJ and the others were going that night.  Nonetheless, the Complaint alleges that Defendant knew that the two other girls had previously left campus and that they were sexually assaulted in the same home as KJ at that time.  The Complaint sufficiently alleges a duty and a reasonably foreseeable injury arising from the breach of that duty at this stage of the proceedings.

Fourth, Defendant argues that it had no duty to control the two other girls.  Defendant relies on the common law doctrine that one who acts as a parent is generally not liable for the torts of the minor.  <u>Pesek v. Discepolo</u>, 475 N.E.2d 3, 3, 5 (Ill. App. Ct. 1985).  However, when the defendant has a special relationship with the minor and the defendant knows or should know that the minor is likely to cause bodily harm or an unreasonable risk of harm to others, a duty to control the minor's conduct arises.  Restatement (Second) of Torts §§ 318, 319, 320.  The Complaint has sufficiently

alleged that Defendant, as the custodian of the two other girls, had a duty to control them.

Finally, Defendant argues that the Complaint fails to state a claim for relief because the Background section does not provide Defendant with notice as to the nature of the claims against it. The Complaint begins with a three-page Background section. The section provides a summary of the factual allegations that are referenced in the counts for relief. The Background section is coherently written and clearly correlates to the paragraphs of the counts. Far from confusing the claims such that they must be dismissed, the Background Section provides additional clarification and detail to support the paragraphs of each count.

The Complaint, including the Background section, is more than sufficient to survive dismissal. The Complaint gives Defendant notice of the basis for Plaintiff's negligence claims and is sufficient to establish that Plaintiff has a plausible, as opposed to speculative, right to relief against Defendant.

**B.   Although Duplicative, Counts II Through VI Should Not Be Dismissed at This Stage of the Proceedings.**

Count 1 of the Complaint brings a common law negligence claim against Defendant.  Counts 2 through 6 assert various negligence claims as set forth by the Second Restatement of Torts: Count 2: taking custody of another so as to deprive her of a normal opportunity for protection (Restatement § 314(A)(4)); Count 3: taking charge of another who is helpless (Restatement § 324); Count 4: controlling the behavior of a licensee or invitee (Restatement § 318); Count 5: taking charge of a third harmful person (Restatement § 319); and Count 6: taking custody of another so as to deprive her of self-protection or to subject her to a dangerous person (Restatement § 320).

Counts 2 through 6 are each based on a certain theory of negligence.  Each of the Restatement Sections that the counts rely on illustrate a category of duty or negligence claim.  They are not separate causes of action, but are different allegations of the general negligence claim.  Each involves the same events and the same elements of negligence: duty and foreseeability, breach, and causation.

Defendant argues that Claims 2 through 6 should be dismissed as duplicative of Claim 1.  While the claims do not represent separate causes of action, it is premature to dismiss them at this stage.  As the case develops, the facts may take the shape of certain of the relied-upon Restatement Sections more than others.  Therefore, the Court declines to dismiss any of the negligence claims at this stage in the proceedings.  Should it become relevant at a later time, the Court will address any duplication issues at that time.

## C.    Count VII Sufficiently Pleads a Willful and Wanton Misconduct Claim Against Defendant.

To state a claim under Illinois law for willful and wanton misconduct, a plaintiff must plead facts establishing the elements of a negligence claim—duty, breach, proximate causation, and harm—and "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the Plaintiff."  Kirwan v. Lincolnshire–Riverwoods Fire Protection Dist., 811 N.E.2d 1259, 1263 (Ill. App. Ct. 2004) (quoting Adkins v. Sarah Bush Lincoln Health Ctr., 544 N.E.2d 733, 743 (Ill. 1989)).  Reckless willful and wanton misconduct is conduct committed with

an utter indifference of or a conscious disregard for the safety of others.  Kirwan, 811 N.E.2d at 1263.  To meet this standard, the defendant "must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury."  Id.

Defendant argues that Count VII fails to state a claim for willful and wanton misconduct because it is based on the same facts as the negligence claims.  However, Plaintiff properly has incorporated the allegations comprising her negligence claim into her willful and wanton misconduct claim.  First, under Illinois law, "[t]he same acts by a defendant, if sufficiently egregious, can constitute both negligence and willful and wanton conduct." Bastian v. TPI Corp., 663 F. Supp. 474, 476 (N.D. Ill. 1987) (citing Smith v. Seiber, 469 N.E.2d 231, 235 (Ill. App. Ct. 1984)). Therefore, "one can plead the same facts in two counts, one characterizing them as negligence and the other as willful and wanton conduct, if the same facts could support both theories."  Id. at 476 (citing O'Brien v. Twp. High Sch. Dist. 214, 415 N.E.2d 1015, 1018 (Ill. 1980)).

Second, Plaintiff has additionally pled in Count VII that Defendant acted with "deliberate indifference" and "reckless disregard" for KJ's safety by failing to supervise KJ and the other residents at night, by failing to secure the exits, by failing to prevent KJ and the other residents from leaving at night, and by failing to prevent other residents from taking KJ off campus. The Complaint alleges that Defendant acted recklessly or with gross negligence by failing to adequately monitor its residents and to take necessary safety precautions. Compl. ¶ 44. Plaintiff additionally alleges that Defendant intentionally retaliated against Plaintiff's complaints by suddenly and prematurely discharging KJ from the facility and by refusing to return KJ's medical records, which are necessary for her future treatment. Id. ¶ 44(g).

Plaintiff has sufficiently pleaded a willful and wanton misconduct claim against Defendant. See Worthem v. Gillette Co., 774 F. Supp. 514, 517 (N.D. Ill. 1991) (plaintiff sufficiently pleaded willful and wanton misconduct where she alleged that "willful and wanton acts or omissions [were] committed or omitted with conscious indifference to existing circumstances and conditions"

and she "enumerate[d] specific instances of willful and wanton conduct").

## V. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss the Complaint (d/e 20) is DENIED.


**ENTER: September 17, 2018**

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE