# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KIM JENSEN, as the parent and legal guardian of, KJ, a disabled minor, <br><br> Plaintiff, <br><br> v. <br><br> CHADDOCK, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 18-cv-3087 ) ) ) ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kim Jensen's Motion to Quash Subpoena Issued to Lakes Life Skills (d/e 45). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Jensen brings this case on behalf of her minor daughter KJ. KJ is disabled with psychological and developmental impairments. From September 2016 to September 2017, KJ was an inpatient at Defendant Chaddock. Chaddock is a residential treatment facility for children and young adults who have suffered trauma. On August 27, 2017, KJ and two other minor inpatient girls left the Chaddock facility in the evening without permission. KJ was 15 years old at the time. The three girls went to a

house off of Chaddock's property.  Adult men at the house allegedly hit KJ with a pipe, showed the girls pornography, gave the girls alcoholic beverages and illegal drugs, had sex with the other two girls , and sexually assaulted KJ (collectively the Assault).  See Opinion entered September 18, 2018 (29), at 2-3. Jensen brought this action against Chaddock for alleged negligent and willful and wanton conduct that proximately caused KJ's injuries from the Assault.  See Id., at 4-17.

After the Assault, KJ underwent treatment at various healthcare facilities.  In February 2019, KJ left a residential rehabilitation facility named NeuroRestorative.  Since her departure from NeuroRestorative, KJ has lived at Mosaic, a residential facility in Osceola, Iowa, and thereafter, a group facility called Lakes Life Skills in Spirit Lake, Iowa.  Defendant Chaddock's Response Brief to Plaintiff's Motion to Quash and Request for Alternative Relief (47) (Response), Exhibit G-1, Expert Report and Disclosure of Sheela Raja, Ph.D., Licensed Clinical Psychologist, dated March 16, 2020 (Raja Report), at 10-12.

On May 24, 2019, Chaddock served its First Set of Interrogatories to Plaintiff and First Set of Requests for Production of Documents to Plaintiff.  Motion, Exhibit A.   Request to Produce No. 4 asked for:

> 4.   All data, including medical reports and records, as to physical or mental condition of minor KJ since the date of the August 2017 occurrence alleged in Plaintiff s Complaint.

Motion, Exhibit A, Request to Produce No. 4. Jensen responded that she would produce all records in her possession. Jensen produced no records from Mosaic or Lakes Life Skills. She states that she did not have any medical records from these facilities. See Reply In Support Of Plaintiff's Motion To Quash Subpoena To Lakes Life Skills, (d/e 51) (Reply), at 1.

Chaddock's Interrogatories Nos. 7 and 24 asked for the following:

> 7.   With regard to minor KJ's injuries, state:
>    (a)   The name and address of each attending physician and/or health care professional;
>    (b)   The name and address of each consulting physician and/or other health care professional;
>    (c)   The name and address of each person and/or laboratory taking any X-ray, MRI and/or other radiological tests;
>    (d)   The date or inclusive dates of which each of them rendered you service;
>    (e)   The amounts to date of their respective bills for service; and
>    (f)   From which of them you have written reports.
> . . . .
> 24.   Following the August 2017 occurrence, list all of the places the minor KJ has resided including the name(s) of the responsible party and addresses for each residence.

Response, Exhibit A, Interrogatories 7 and 24. Jensen responded by referring Chaddock to the medical records produced. See Motion, Exhibit B, Jensen's Response to Chaddock's Interrogatories and Requests to

Produce, Answers to Interrogatories 7 and 24.  Jensen again did not produce any records from Mosaic or Lakes Life Skills.

In October 2019, Chaddock's attorneys deposed KJ at Lakes Life Skills.  Response, at 6; Reply, at 1.

On January 16, 2020, Chaddock's attorney Linnea Schramm asked Jensen's attorney Ed Manzke for records from the facilities where KJ lived after leaving Chaddock:

> We do not have any information or records from any school or other residential facility where your client was after she left Chaddock.
>
> Please provide us with the information and/or the records so we can keep this case moving along.

Response, Exhibit H, Email dated January 16, 2020.  Attorney Manzke responded:

> Any post-Chaddock records in our possession have already been produced.

Response, Exhibit H, Email dated January 16, 2020.

Attorney Schramm responded by asking for a list of facilities:

> Ed, could you then provide us with an up to date list of all schools/residential facilities where she has been since her discharge from Chaddock.

Response, Exhibit H, Email dated January 17, 2020.  Attorney Manzke agreed to provide the list:

> Yes, I will work on that this week.

Response, Exhibit H, Email dated January 20, 2020.  A list was not provided.  See Response, at 8.

On January 30, 2020, attorney Schramm sent an email that asked for the list of facilities and authorizations for records:

> As a reminder, we had requested a list of the residential facilities that KJ has been in since she left Chaddock.  We will also need signed and entered HIPAA and authorization forms for each.  Please provide as soon as possible so we can get subpoenas out for those records and if we need to depose any of the individuals we will need to get those scheduled as soon as possible.

Response, Exhibit H, Email dated January 30, 2020.  The materials submitted do not contain a response to this email.  The materials submitted also do not indicate that Jensen's attorneys ever provided the requested list of facilities.

Fact discovery closed on March 1, 2020.

On or about March 15, 2020, Jensen disclosed Dr. Sheela Raja, Ph.D., as one of her experts and produced an expert report.  Dr. Raja opined in her report that KJ suffered permanent injuries from the Assault that would require treatment for the rest of her life.  Dr. Raja noted that KJ received care at Mosaic and continued to receive care at Lakes Life Skills.  Raja Report, at 12, 29.  Dr. Raja relied on her interviews of Jensen, KJ's

father, KJ, and KJ's therapist in her report. Dr. Raja did not review records of either Mosaic or Lakes Life Skills. See Raja Report, at 4-5, 13-24.

On April 23, 2020, the attorneys for the parties were arranging for the deposition of Dr. Raja. Attorney for Chaddock, James Abbott, asked again for the medical records from Lakes Life Skills and Mosaic:

> Ed:
>
> I could depose Dr. Raja in early May, but we still need your client's subsequent residential treatment records, which we previously asked for. Dr. Raja specifically references Mosaic, a residential facility in Osceola, Iowa, and of course Lakes Life Skills in Spirit Lake, Iowa where she currently resides. We can tentatively set the deposition for May 11 or 12, but we must insist upon receiving these records prior to her deposition going forward, particularly in light of her causation and damages opinions.

Response, Exhibit J, Email dated April 23, 2020. Attorneys for Jensen told attorney Abbott that Jensen did not have them. Response, at 9-10.[1]

On April 23, 2020, attorneys for Chaddock issued a subpoena (Subpoena) to Lakes Life Skill for all records related to KJ. Motion, Exhibit A, Subpoena. Chaddock intends to issue a similar subpoena to Mosaic. Jensen filed the Motion to quash the Subpoena.

---

[1] The Response indicates that Jensen's attorneys responded by email that they did not have any such records. Response, at 9-10. No such emails were submitted to the Court. Jensen's response, however, does not dispute Chaddock's version of this event.

Jensen moves to quash the Subpoena as untimely because Chaddock issued the Subpoena after fact discovery closed. She argues that allowing compliance with the Subpoena will cause delays in this case and increased costs because Dr. Raja will need to review the records and revise her report. She says that the trial date could be delayed as a result. Chaddock responds that Jensen had an obligation under Rule 26(e) to supplement her discovery responses with these records. Chaddock also claims that it did not know that Jensen would not produce records from Lakes Life Skills and Mosaic until April 23, 2020. See Motion, at 2; Response, at 9-10; Reply, at 2.

## ANALYSIS

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman, 267 F.3d at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id.

In this case, Dr. Raja has opined that KJ has permanent injuries that will require treatment for the rest of her life. Lakes Life Skills is currently providing KJ with care. Mosaic provided KJ with care after February 2019 and until KJ left and went to Lakes Life Skills. The medical records from Lakes Like Skills and Mosaic are directly relevant to evaluating and responding to Dr. Raja's expert opinions. Jensen objects because the Subpoena is untimely and will delay the case and increase costs.

The Court agrees that Chaddock should have issued the Subpoena before fact discovery closed on March 1, 2020. Chaddock argues that it did not know that Jensen would not produce the records until April 23, 2020. The Court disagrees. By January 17, 2020, at the latest, Jensen's attorneys told Chaddock's attorneys that Jensen did not have medical records from Lakes Life Skills and Mosaic. Chaddock's attorney asked for a list of facilities KJ lived at after Chaddock. Jensen's attorneys agreed on January 20, 2020 to provide a list, but evidently never did. Chaddock's attorney in the January 30, 2020 email repeated the request for the list. The January 30, 2020 email recognized that Chaddock would need to subpoena those records. Even though Jensen apparently never provided a list of facilities, Chaddock's attorneys deposed KJ at Lakes Life Skills in October 2019. Chaddock's attorneys, therefore, knew that they wanted

records from that facility even without the requested list of facilities. Chaddock's attorneys should have served the Subpoena before the March 1, 2020 fact discovery deadline.

The significance of the records from Mosaic and Lakes Life Skills, however, became more apparent after fact discovery closed and Jensen's expert Dr. Raja issued her report. Chaddock then knew that Dr. Raja opined that KJ suffered permanent injuries that would require life-long treatment. The records are directly relevant to those opinions. The records would provide the finder of fact in this case with directly relevant information to evaluate Dr. Raja's opinions on the damages to KJ. The records, therefore, are important to a central issue in the case if Jensen established liability. The relevance of the information weighs heavily in favor of denying the Motion and requiring Lakes Life Skills to comply with the Subpoena.

The prejudice to Jensen is delay and added costs. Dr. Raja will have to review the additional medical records and revise her report. Chaddock's experts may need time to review the medical reports before issuing opinions. All this will add some cost and may cause delay in the trial date.

The Court, in its discretion, finds that in this case under these circumstances, the benefits of the additional information outweigh the

possible harm from delay and additional costs.  Dr. Raja has opined that KJ will need life-long care for permanent injuries.  The medical records from Mosaic and Lakes Life Skills are the most current evidence of her condition and her need for care.  The evidence is directly relevant to the validity of Dr. Raja's opinions, and so, to the appropriate amount of damages in this case should Jensen establish liability.  Jensen also should have either amended her answers to interrogatories 7 and 24 to provide responsive information regarding KJ's care at Mosaic and Lakes Life Skills or supplemented her document production with records from those facilities.  Under these circumstances, the Court will not quash the Subpoena.  The Court finds that the prejudice to Chaddock from quashing the Subpoena outweighs any harm to Jensen by delaying the completion of discovery.  The Court further allows Chaddock to serve a comparable subpoena on Mosaic.

This result will require an adjustment to the expert discovery schedule.  The Court directs the attorneys for the parties to meet and confer and propose an amended discovery schedule to the Court by June 1, 2020.

THERERFORE, IT IS ORDERED that Plaintiff Kim Jensen's Motion to Quash Subpoena Issued to Lakes Life Skills (d/e 45) is DENIED.  Lakes

Life Skills is directed to provide the subpoenaed documents to the parties by June 1, 2020. Defendant Chaddock is authorized to serve a comparable subpoena for medical records on Mosaic of Osceola, Iowa, by May 19, 2020. Counsel for the parties are directed to meet and confer and file by June 1, 2020, a proposed amended discovery schedule.

ENTER: May 12, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE